UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DOHERMANN,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF STATE HOSPITALS, et al.,<br><br>Defendants. | No. 2:24-cv-01862-DAD-AC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 16) |

This matter is before the court on defendants' motion to dismiss plaintiff's first amended complaint ("FAC") filed by defendants Stephanie Clendenin and Jack Carter on November 8, 2024. (Doc. No. 16.) On December 2, 2024, defendants' motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 18.) For the reasons explained below, defendants' motion to dismiss plaintiff's first amended complaint ("FAC") will be granted without leave to amend.

**BACKGROUND**

On July 3, 2024, plaintiff Robert Dohermann initiated this civil rights action against the Department of State Hospitals ("DSH"). (Doc. No. 1.) On September 5, 2024, plaintiff filed his

/////

/////

1

operative FAC,[1] which instead asserts claims only against defendants Clendenin and Carter.[2]  In his FAC, plaintiff alleges the following.

      Plaintiff Robert Dohermann is a retired law enforcement officer who worked for DSH for over twenty years.  (Doc. No. 8 at ¶¶ 1, 8.)  Plaintiff's job duties included planning, organizing, and directing law enforcement and security operations of a state hospital.  (*Id.* at ¶ 2.)  Plaintiff also supervised individuals who were incarcerated in a medical facility.  (*Id.*)  While he was employed, plaintiff was authorized to carry a concealed weapon when off-duty but could not carry a concealed firearm on hospital premises.  (*Id.* at ¶¶ 5, 6.)  Upon retirement, plaintiff was issued an identification card which identified him as a retired law enforcement officer of DSH.  (*Id.* at ¶ 8.)  After retirement, plaintiff applied for an endorsement to carry concealed weapons and, as a part of that application, on August 4, 2024, he certified that he was authorized to carry a concealed weapon while off-duty as a hospital police officer.  (*Id.* at 2, ¶ 9.)  On August 18, 2021, the then-serving Office of Protective Services' Chief of Law Enforcement David Starnes rejected plaintiff's concealed carry endorsement, which resulted in plaintiff's retired law enforcement officer identification card being stamped "CCW Not Authorized."  (*Id.* at ¶ 10.)  This stamp prevents plaintiff from carrying a concealed weapon as a retired law enforcement officer.  (*Id.*)  Plaintiff maintains that the Law Enforcement Officers Safety Act ("LEOSA") requires that qualified law enforcement officers be permitted to carry concealed weapons.  (*Id.* at ¶ 18.)

      Plaintiff asserts the following two causes of action[3] in his FAC:  (1) infringement of federal rights granted by LEOSA in violation of 42 U.S.C. § 1983 as to which plaintiff seeks

---

[1]  The court subsequently issued a minute order denying without prejudice DSH's then-pending motion to dismiss (Doc. No. 6) as having been rendered moot by the filing of plaintiff's FAC, which superseded his original complaint.  (Doc. No. 9.)

[2]  According to plaintiff, defendant Clendenin is the director of DSH and defendant Carter is the Chief of Law Enforcement of the DSH Office of Protective Services.  (Doc. No. 8 at ¶¶ 2, 3.)

[3]  Plaintiff appears to improperly style his two causes of action as three separate claims seeking different forms of relief.  (Doc. No. 8 at ¶¶ 31–57); *see Inciyan v. City of Carlsbad*, No. 19-cv-02370-JLS-MSB, 2020 WL 94087, at *3 (S.D. Cal. Jan 8, 2020) (noting that claims for declaratory relief and an affirmative injunction were not separate causes of action but merely sought remedies in connection with causes of action).

1  injunctive and declaratory relief; and (2) violations of California Penal Code § 26300 as to which
2  plaintiff seeks declaratory and injunctive relief pursuant to California Code of Civil Procedure §
3  1060. (*Id.* at ¶¶ 31–57.)
4        On November 8, 2024, defendants filed the pending motion to dismiss. (Doc. No. 16.)
5  On November 22, 2024, plaintiff filed his opposition to that motion and on December 2, 2024,
6  defendants filed their reply. (Doc. Nos. 17, 19.)

## LEGAL STANDARD

8        The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal
9  sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.
10  1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of
11  sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901
12  F.2d 696, 699 (9th Cir. 1988). A plaintiff is required to allege "enough facts to state a claim to
13  relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A
14  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
15  the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*
16  *Iqbal*, 556 U.S. 662, 678 (2009).
17        In determining whether a complaint states a claim on which relief may be granted, the
18  court accepts as true the allegations in the complaint and construes the allegations in the light
19  most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v.*
20  *United States*, 915 F.2d 1242, 1245 (9th Cir. 1989), *abrogated on other grounds by DaVinci*
21  *Aircraft, Inc. v. United States*, 926 F.3d 1117 (9th Cir. 2019). However, the court need not
22  assume the truth of legal conclusions cast in the form of factual allegations. *U.S. ex rel. Chunie v.*
23  *Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed
24  factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me
25  accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and
26  conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S.
27  at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action,
28  supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to

assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

**DISCUSSION**

**A.    § 1983 Claim**

Defendants argue that plaintiff's claim brought pursuant to § 1983 are untimely and therefore must be dismissed for failure to state a cognizable claim.[4] (Doc. No. 16 at 12–13.) Plaintiff contends that his claims are not untimely filed because he has not had a license with a valid concealed carry endorsement since 2021 meaning his claims are subject to the continuing violation doctrine. (Doc. No. 17 at 13–14.) Defendants reply that the continuing violation doctrine does not "reset the statute of limitations" for continuing effects of a past action. (Doc. No. 19 at 6.)

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when the running of the statute is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (internal quotation marks omitted) (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "The applicable statute of limitations for a cause of action under Section 1983 or Section 1985 is the statute of limitations established by the forum state for

---

[4] Defendants also move to dismiss the FAC under Federal Rule of Civil Procedure 12(b)(1), arguing that the court lacks subject matter jurisdiction because LEOSA does not provide a private right of action. (Doc. No. 16 at 13–19.) However, plaintiff does not assert a cause of action under LEOSA but rather claims that LEOSA provides rights which are enforceable under § 1983. (Doc. No. 8 at 8–11.) Moreover, whether a federal statute confers a right which is enforceable under § 1983 is not a jurisdictional question: It is instead an issue of whether plaintiff states a cognizable claim under § 1983. *AlohaCare v. Haw., Dep't of Hum. Servs.*, 567 F. Supp. 2d 1238, 1249 (D. Haw. 2008) ("Defendants' challenge to AlohaCare's statutory standing [under § 1983] falls under Rule 12(b)(6)."); *see also Polk v. Yee*, 36 F.4th 939, 943–46 (9th Cir. 2022) (affirming the dismissal of a § 1983 claim in response to a motion to dismiss brought pursuant to Rule 12(b)(6) where the underlying statute did not confer an enforceable federal right); *Watson v. Weeks*, 436 F.3d 1152, 1163 (9th Cir. 2006) (same). Here, however, the court need not decide whether LEOSA provides a federal right enforceable under § 1983 because, for the reasons discussed above, it will grant defendants' motion based upon the conclusion that plaintiff's federal claim is time-barred.

4

personal injury torts." *Doe #1 M.L. v. San Bernadino Sheriff Dep't*, 753 F. Supp. 3d 1024, 1028 (C.D. Cal. 2024) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). "In California, the statute of limitations for a section 1983 claim is two years." *Meniooh v. Gagnon*, No. 21-cv-08495-VC, 2022 WL 4129305, at *1 (N.D. Cal. Sept. 12, 2022) (citing *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020)). Here, plaintiff alleges that he was denied the concealed carry endorsement on August 18, 2021, which is more than two years prior to plaintiff's filing of his complaint in this action on July 3, 2024. (Doc. Nos. 1; 8 at ¶ 10.) Plaintiff does not appear to contest that the applicable statute of limitations is two years, but rather only contends that the statute of limitations for the filing of this action did not begin running when he was denied the endorsement because his rights have been continuously violated since that date.[5] (Doc. No. 17 at 13.)

Ordinarily, a § 1983 claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action" (the "discovery rule"). *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001). The continuing violations doctrine is an exception to the discovery rule of accrual that applies when "a defendant's conduct is part of a continuing practice" such that the action "is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (internal quotation marks omitted). "The Ninth Circuit has recognized two applications of the continuing violations doctrine: first, to a series of related acts, one or more of which falls within the limitations period [("the serial acts branch")], and second to the maintenance of a discriminatory system both before and during the limitations period [("the systematic branch")]." *Jones v. Price*, No. 1:21-cv-01212-AWI-SAB, 2023 WL 158275, at *10 (E.D. Cal. Jan. 11, 2023) (internal quotation marks omitted) (quoting *Bird*, 935 F.3d at 746; citing *Gutowsky v. County of Placer*, 108 F.3d 256, 259 (9th Cir. 1997)). However, the Ninth Circuit has also explained that the

---

[5] Plaintiff cites exclusively to state court authority in support of his argument that the continuing violation doctrine applies here and renders his complaint timely filed. (Doc. No 17 at 13–14.) The court observes that "the general rule [is] that the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Padre v. MVM, Inc.*, __ F. Supp. 3d __, __, 2025 WL 674591, at *5 (S.D. Cal. Mar. 3, 2025) (emphasis in original) (internal quotation marks omitted) (quoting *Wallace*, 549 U.S. at 388).

continuing violations doctrine is extremely limited in its application following the Supreme Court's decision in *National Railroad Passenger Corporation v. Morgan* ("*Morgan II*"), 536 U.S. 101 (2002) ("[D]iscrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."):

> Thus, after *Morgan II*, little remains of the continuing violations doctrine. Except for a limited exception for hostile work environment claims—not at issue here—the serial acts branch is virtually non-existent. Moreover, while we have left room for the systematic branch to apply to class-wide pattern-or-practice claims, . . . we have consistently refused to apply the systematic branch to rescue individualized claims that are otherwise time-barred.

*Bird*, 935 F.3d at 748.

Here, plaintiff's FAC alleges only a single incident that took place outside the limitations period, the 2021 denial of his application for an endorsement. (Doc. No. 8 at ¶ 10.) Obviously, plaintiff's allegation in this regard does not pertain to a hostile work environment claim and does not otherwise allege a class-wide pattern that would give rise to a claim of systematic continuous violation. Allegations of discrete events outside of the limitations period in the absence of any allegation of a class-wide pattern are not sufficient to invoke the continuing violations exception. *See Cupp v. County of Sonoma*, No. 23-cv-01007-JST, 2023 WL 6278877, at *2 (N.D. Cal. Sept. 26, 2023) (finding that the plaintiff's claims predicated on events outside the limitations period were time-barred because the continuing violations exception did not apply to discrete acts following the abrogation of the serial acts branch for § 1983 claims); *see also McDaniel v. Lizarraga*, No. 2:19-cv-01136-JAM-KJN, 2021 WL 1712943, at *6 (E.D. Cal. Apr. 30, 2021) (finding that the continuing violations doctrine did not apply where the plaintiff only alleged a series of discrete incidents and did not allege a pattern or practice of violations).

Moreover, plaintiff's claims presented in this action are predicated on the continuing impact of the past denial of an endorsement. The Ninth Circuit has "repeatedly held" continuing effects of past violations to be non-actionable. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (citing *Grimes v. City and County of San Francisco*, 951 F.2d 236, 238–39 (9th Cir. 1991)); *see also Bird*, 935 F.3d at 748 ("Although Bird's injuries resulting from the 2007 act of placing her on the CCAR continue to the present day, continuing effect is insufficient to

constitute a continuing violation.") (citing *Williams v. Owens-Illinois, Inc.*, 665 F.2d 918, 925 (9th Cir. 1982)).

Therefore, the court will grant defendant's motion to dismiss the first and second claims in plaintiff's FAC brought pursuant to 28 U.S.C. § 1983 as time-barred.

**B.     Remaining State Law Claim**

"Where all federal claims are dismissed in an action containing both federal and state law claims, a federal court may decline to exercise supplemental jurisdiction over the remaining state law claims." *Tennyson v. County of Sacramento*, No. 2:19-cv-00429-KJM-EFB, 2020 WL 4059568, at *7 (E.D. Cal. July 20, 2020).

Because the court will dismiss plaintiff's federal claims as time-barred, the court declines to exercise supplemental jurisdiction over plaintiff's state law claim, specifically the second cause of action of plaintiff's FAC in which he asserts violations of California Penal Code § 26300. Accordingly, the court will grant defendants' motion to dismiss plaintiff's state law claim as well without prejudice.

**C.     Leave to Amend**

Leave to amend should be granted "freely" when justice so requires. Fed. R. Civ. P. 15(a). The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960). Generally, dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007) (citation omitted); *see also Ascon Props., Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

Defendants argue that amendment would be futile in light of plaintiff's claims in his FAC being time-barred. (Doc. No. 16 at 22–23.) As explained above, plaintiff's federal law claim is time-barred, making any amendment of that claim futile. Moreover, the court lacks subject matter jurisdiction over plaintiff's claim for violation of California Penal Code § 26300. It is also noted, while certainly not dispositive, that plaintiff has not requested further leave to amend. The

7

court therefore finds that the granting of leave to file a second amended complaint against defendants would be futile under these circumstances.

## CONCLUSION

For the reasons above,

1. Defendants' motion to dismiss plaintiff's first amended complaint (Doc. No. 16) is GRANTED, without leave to amend;

2. This action is dismissed; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 30, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE